Martinez v. Garland

BIA
Reid, IJ
A094 106 699

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of July, two thousand twenty-four.

PRESENT:
> RAYMOND J. LOHIER, JR.,
> STEVEN J. MENASHI,
> EUNICE C. LEE,
> > *Circuit Judges.*

_____

RUBEN A. MARTINEZ,
> *Petitioner,*

v.                                                                          **22-6101**
                                                                            **NAC**

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

**FOR PETITIONER:**        Craig Relles, Esq., Law Office of Craig Relles, White Plains, NY.

**FOR RESPONDENT:**       Brian M. Boynton, Principal Deputy Assistant Attorney General; Cindy S. Ferrier, Assistant Director; Joseph A. O'Connell, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Ruben A. Martinez, a native and citizen of El Salvador, seeks review of a February 17, 2022 decision of the BIA affirming an August 4, 2021 decision of an Immigration Judge ("IJ") denying his application for deferral of removal under the Convention Against Torture ("CAT"). *In re Ruben A. Martinez*, No. A094 106 699 (B.I.A. Feb. 17, 2022), *aff'g* No. A094 106 699 (Immigr. Ct. N.Y.C. Aug. 4, 2021). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed both the IJ's and BIA's decisions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). "[W]e apply the substantial evidence standard to questions of fact raised in . . . CAT challenges, and *de novo* review to all questions of law, including the

2

application of law to facts." *Quintanilla-Mejia v. Garland*, 3 F.4th 569, 583 (2d Cir. 2021). "A determination of what will occur in the future and the degree of likelihood of the occurrence has been regularly regarded as fact-finding . . . ." *Hui Lin Huang v. Holder*, 677 F.3d 130, 134 (2d Cir. 2012).

A CAT applicant has the burden to show that he will "more likely than not" be tortured and that authorities will likely acquiesce to that torture. 8 C.F.R. §§ 1208.16(c)(2), 1208.18(a)(1). At the first step, "the applicant must show that he . . . will more likely than not be subject to 'any act by which severe pain or suffering, whether physical or mental, is intentionally inflicted on a person for such purposes as . . . intimidating or coercing him or her or a third person.'" *Garcia-Aranda v. Garland*, 53 F.4th 752, 759 (2d Cir. 2022) (quoting 8 C.F.R. § 1208.18(a)(1)). "In assessing whether it is more likely than not that an applicant would be tortured . . . all evidence relevant to the possibility of future torture shall be considered, including, but not limited to" evidence that the applicant has suffered torture in the past, "[e]vidence that the applicant could relocate to a part of the country of removal where he . . . is not likely to be tortured," "[e]vidence of gross, flagrant or mass violations of human rights within the country of removal," and "[o]ther relevant information regarding conditions

3

in the country of removal."  8 C.F.R. § 1208.16(c)(3).

Substantial evidence supports the agency's conclusion that Martinez did not establish that he was more likely than not to be tortured by gangs as a returning deportee from the United States.  The IJ noted that Martinez had not been threatened or harmed by gangs in the past and stated that she "thoroughly reviewed the record," including the fact that MS-13 gang members kidnapped and killed Martinez's brother in 2006 when he refused extortion demands.  The IJ's decision acknowledged challenges faced by deportees and problems controlling gang violence, thus indicating that the country conditions evidence had been considered.  *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008) (explaining that the agency is not required to "expressly parse or refute on the record each individual argument or piece of evidence offered by the petitioner" (quotation marks omitted)).

Contrary to Martinez's position here that the record reflects likely torture of deportees, the 2020 Human Rights Watch report he relies on identified approximately 200 deportees killed or abused by gangs since 2013, but also that there were more than 100,000 people returned to El Salvador and that certain groups were at greater risk, such as individuals who had been harmed in the past

4

and current or former gang members. Certified Administrative Record at 358–60, 385. Martinez does not claim to fall into those higher risk categories. Moreover, other reports reflect that El Salvador's homicide rate reached a historic low in 2020 and that the president elected in 2019 vowed to crack down on gangs, crime, and government corruption. *Id.* at 204, 287. On this record, the agency reasonably concluded that Martinez had not shown that he would more likely than not be tortured. *See Quintanilla-Mejia*, 3 F.4th at 592 (holding that where "the agency's conclusion finds support in record evidence, [a petitioner] cannot secure CAT relief by pointing to conflicting evidence that might support—but not compel—a different conclusion").

Martinez's failure to establish that he will more likely than not be tortured is dispositive of his CAT claim. *See Garcia-Aranda*, 53 F.4th at 758–59. Accordingly, we do not reach the agency's alternative conclusion that he failed to establish government acquiescence to torture. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

For the foregoing reasons, the petition for review is DENIED.   All pending

motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court